Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000661
10-JUN-2015
11:31 AM

NOS. CAAP-12-0000661; CAAP-12-0001094; AND CAAP-13-0000187

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

NOS. CAAP-12-0000661 and CAAP-12-0001094

IN THE MATTER OF
INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,
PAINTERS LOCAL UNION 1791, AFL-CIO, Union-Appellee,
v.
ENDO PAINTING SERVICE, INC. (2011-016), Employer-Appellant.

NO. CAAP-13-0000187

IN THE MATTER OF
INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES,
PAINTERS LOCAL UNION 1791, AFL-CIO, Union-Appellant,
v.
ENDO PAINTING SERVICE, INC. (2011-016), Employer-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 12-1-0250)

MEMORANDUM OPINION
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

The instant case arises from an arbitration award addressing allegations by Union-Appellee/Appellant International Union of Painters and Allied Trades, Painters Local Union 1791, AFL-CIO (IUPAT) that Employer-Appellant/Appellee Endo Painting Service, Inc. (Endo) violated a labor agreement that existed between the parties.[1]

---

[1]  On December 17, 2013, upon review of the records in appeals Nos. CAAP-12-0000661 (CAAP-12-661), CAAP-12-0001094 (CAAP-12-1094), and CAAP-13-0000187 (CAAP-13-187), this court ordered that the cases be consolidated under CAAP-12-661.

On appeal, Endo seeks review of the following orders and judgment entered by the Circuit Court of the First Circuit[2] (circuit court): (1) June 29, 2012 Order Granting IUPAT's Motion to Confirm and to Enforce Arbitration Decision and Award; (2) July 10, 2012 Order Denying Endo's Motion to Vacate Arbitration Decision and Award; (3) July 30, 2012 Judgment; and (4) November 19, 2012 Order Granting IUPAT's Motion for Allowance of Costs and Attorneys' Fees.

In turn, IUPAT appeals from the circuit court's February 25, 2013 Order Denying IUPAT's Motion for a Final Judgment to Include the Specific Amount of Attorneys' Fees and Costs Ordered on November 19, 2012.[3]

## I.  Background

On January 30, 2008, Endo became a signatory contractor to the "LABOR AGREEMENT & RELATED DOCUMENTS By and Between PAINTING AND DECORATING CONTRACTORS ASSOCIATION OF HAWAII and INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES Local Union 1791, AFL-CIO," a collective bargaining agreement between IUPAT and the Painting and Decorating Contractors Association of Hawaii (Association), which sets forth the wages, hours, and other terms and conditions of employment for IUPAT members (the CBA).  The CBA requires all disputes regarding the application, interpretation or alleged violation of the CBA to proceed through a grievance procedure that results in a final and binding decision by a Joint Industry Committee (JIC) or an arbitrator. In March 2011, IUPAT submitted a class action grievance against Endo, alleging improper cash payments to employees and violations of job safety requirements.  The grievance was submitted to the JIC and a hearing was held.  The JIC voted unanimously in favor of IUPAT and issued a written decision on April 29, 2011.

---

[2]  The Honorable Karl K. Sakamoto presided.

[3]  In CAAP-12-661, IUPAT filed a cross-appeal related to the November 19, 2012 Order Granting in Part and Denying in Part [IUPAT's] Motion for Allowance of Costs and Attorneys' Fees.  However, IUPAT failed to file an opening brief on this cross-appeal and therefore the cross-appeal is waived.

Almost a year later, on April 23, 2012, after receiving complaints that Endo was not complying with the arbitration decision, IUPAT filed a "Motion to Confirm and to Enforce Arbitration Decision and Award" (Motion to Confirm) in the circuit court. Endo filed an opposition to the Motion to Confirm on May 9, 2012, and then filed a "Motion to Vacate Arbitration Decision and Award" (Motion to Vacate) which was file-stamped the same day as the May 17, 2012 hearing on IUPAT's Motion to Confirm. The circuit court granted IUPAT's Motion to Confirm, denied Endo's Motion to Vacate, and subsequently entered a July 30, 2012 Judgment ordering Endo to comply with the remedial terms of the JIC decision and award.

On August 10, 2012, IUPAT filed a post-judgment "Motion for Allowance of Costs and Attorneys' Fees" (Motion for Fees/Costs), which the circuit court purported to grant by a November 19, 2012 written order. On December 20, 2012, IUPAT filed a post-judgment "Motion for a Final Judgment to Include the Specific Amount of Attorneys' Fees and Costs Ordered on November 19, 2012" (Motion for Final Judgment). The circuit court denied IUPAT's Motion for Final Judgment and ruled that its November 19, 2012 order granting attorneys' fees and costs was null and void.

In its appeal in CAAP-12-661 and CAAP-12-1094, Endo contends that the circuit court erred by: (1) confirming the arbitration award, because the award violated certain requirements in the CBA and Hawaii Revised Statutes (HRS) § 658A-19 (Supp. 2014); (2) concluding that Endo's motion to vacate for fraud could not be granted after the award was confirmed, and by failing to review the motion to vacate under HRS § 658A-23 (Supp. 2014); and (3) purporting to grant IUPAT's motion for attorneys' fees and costs. Further, Endo argues generally that federal law preempted application of HRS Chapter 658A and thus the circuit court did not have jurisdiction to confirm the arbitration award.

In its appeal in CAAP-13-187, IUPAT argues that the circuit court erred when it denied IUPAT's Motion for Final Judgment to include an award of attorneys' fees and costs.

3

For the reasons set forth below, we affirm, but remand so that the circuit court may address IUPAT's claim for attorneys' fees and costs.

## II. Endo's Assertion of Preemption is Waived

As a threshold matter, we address Endo's argument that federal law preempted application of HRS Chapter 658A. In its opening brief in CAAP-12-661, Endo briefly contends that the circuit court lacked jurisdiction to decide any issues pursuant to HRS Chapter 658A. In CAAP-12-1094, Endo expressly contends that the Federal Arbitration Act (FAA) and Section 301 of the Labor Management Relations Act (LMRA) apply such as to preempt state law and require that the FAA be applied in determining confirmation of the arbitration award. Endo admits that it never raised these arguments in the circuit court, but nevertheless maintains that its arguments affect whether the circuit court had jurisdiction in this matter.

We conclude, however, that Endo's federal preemption arguments as to both the FAA and LMRA have been waived due to Endo's failure to raise the issue below, and the jurisdiction of the circuit court has not been implicated.[4] See Johnson v. Armored Transp. of Calif., Inc., 813 F.2d 1041, 1043 (9th Cir. 1987) (holding that argument that a state law claim was preempted by LMRA § 301 was waived because it was not properly preserved in the district court); Sweeney v. Westvaco Co., 926 F.2d 29, 38-41 (1st Cir. 1991) (holding that because LMRA § 301 preemption concerns what law a decision maker must apply, not what forum must decide the issue, it is a waivable argument); Yates v. Doctors Assoc., Inc., 549 N.E.2d 1010, 1014 (Ill. App. 1990) ("No suggestion was made that the Federal Arbitration Act preempted the law of this State until defendants filed their brief on appeal. Because the doctrine of federal preemption was not invoked at the trial level, we believe that issue has been waived."); Henry v. Alcove Inv., Inc., 284 Cal. Rptr. 255, 259

---

[4] In the circuit court, Endo based its Motion to Vacate on state law and did not raise a preemption argument. Endo also did not attempt to remove the case to federal court.

(Cal Ct. App. 1991) (refusing to consider an FAA federal preemption argument that was not raised in the trial court). Thus, Endo waived its preemption arguments.

### III. Confirmation of the Arbitration Award and Denial of the Motion to Vacate

We review "the circuit court's ruling on an arbitration award *de novo*," but we are also "mindful that the circuit court's review of arbitral awards must be extremely narrow and exceedingly deferential." Tatibouet v Ellsworth, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002) (citations, internal quotation marks and brackets omitted). The interpretation of an arbitration statute is a question of law reviewable *de novo*. Id. at 232-33, 54 P.3d at 403-04.

### A. IUPAT's Motion to Confirm

Endo argues that the circuit court erred in confirming the arbitration award because issuance of the award violated both the CBA requirements and HRS § 658A-19. The plain language of HRS § 658A-22 (Supp. 2014) unambiguously provides that where a party moves to confirm an arbitration award, the court must confirm the award "unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23." (Emphasis added.) Here, Endo did not seek to modify or correct the arbitration award, and it did not file a timely motion to vacate. Thus, the circuit court properly confirmed the award pursuant to the plain language of HRS § 658A-22, and moreover, Endo's arguments on appeal are without merit.

First, Endo asserts that the arbitration award is invalid and therefore ineligible for confirmation because the JIC was not composed of three Endo-appointed members and three IUPAT-appointed members, and the award was not issued by a majority or quorum, as required by the CBA. The record clearly demonstrates otherwise. The minutes of the JIC hearing show that all six members of the JIC were present (three for Endo and three for IUPAT) and that there was a unanimous vote in favor of IUPAT. The arbitration award itself states "[t]his decision is supported by a unanimous vote of the [JIC]. It is final and binding upon the parties"

5

Second, Endo contends that the JIC decision and award was not properly signed and authenticated as required by HRS § 658A-19. HRS § 658A-19 requires that "[a]n arbitrator shall make a record of an award" and that "[t]he record shall be signed or otherwise authenticated by any arbitrator who concurs with the award." (Emphasis added.) Because a plain reading of this statute does not require all arbitrators to sign the award, and the award was supported by a unanimous vote, we find no merit in Endo's argument that the award was invalid because it was signed by only two arbitrators.

## B. Endo's Untimely Motion to Vacate

Endo failed to file a timely motion to vacate the arbitration award. Under HRS § 658A-23(b), Endo was required to file a motion to vacate within ninety days after receiving notice of the April 29, 2011 arbitration award. Thus, Endo was required to file the Motion to Vacate by July 28, 2011, but did not do so until May 17, 2012, the day of the hearing on IUPAT's Motion to Confirm.

Endo argues that its Motion to Vacate was timely because HRS § 658A-23(b) provides that a movant who alleges the award was procured by corruption, fraud, or other undue means may file the motion within ninety days "after the ground is known or by the exercise of reasonable care would have been known by the movant[,]" and that Endo became aware of alleged foul play only as of March 2012. The circuit court considered the timeliness of Endo's fraud claim, and specifically found that "Endo was put on notice of the alleged complaints as early as April 22, 2011, when the [JIC] sent Endo a copy of the grievance and a notice of hearing." The circuit court further found:

> Yet, despite the accusations by its employees and the decision of the JIC, Endo declined to investigate the allegations or look into the matter itself. Only after the motion to confirm was filed, over one year later, did Endo begin to investigate the allegations in earnest and bring accusations of foul play against the Union. The Court finds that Endo's lack of due diligence does not constitute "good cause" to consider its motion to vacate prior to the hearing on the Union's motion to confirm. Endo was clearly aware of the complaints allegedly made its employees, yet declined to investigate them until the last minute.

Endo did not challenge these findings on appeal, and they are therefore binding on this court. See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawai'i 450, 458, 40 P.3d 73, 81 (2002). Thus, it is apparent that if Endo had exercised reasonable care, it would have known about any grounds for its fraud claim soon after learning of the grievance.

Because Endo's Motion to Vacate was untimely under HRS § 658A-23, Endo did not preserve for judicial review its allegation that the arbitration award was procured by "corruption, fraud, or other undue means," which is one of the bases for vacating an arbitration award as set forth in HRS § 658A-23(a)(1). See Excelsior Lodge No. One v. Eyecor, Ltd., 74 Haw. 210, 223-28, 847 P.2d 652, 658-60 (1992); Schmidt v. Pac. Benefit Servs., Inc., 113 Hawai'i 161, 168, 150 P.3d 810, 817 (2006). We need not address Endo's other arguments related to the denial of the Motion to Vacate.

### IV. IUPAT's Motion for Fees/Costs

As the circuit court subsequently recognized, it erroneously entered its November 19, 2012 order purporting to grant IUPAT's August 10, 2012 Motion for Fees/Costs because, pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(3), IUPAT's motion was deemed denied when the circuit court did not rule on the motion within ninety days. Thus, the November 19, 2012 order was a nullity in regard to awarding fees and costs.

IUPAT invoked the tolling provision in HRAP Rule 4(a)(3) when it timely filed its Hawai'i Rules of Civil Procedure Rule 54(d)(2)(B) Motion for Fees/Costs within fourteen days after entry of the July 30, 2012 Judgment. HRAP Rule 4(a)(3) provides:

> If any party files a timely motion . . . for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.

(Emphasis added.) As the Hawai'i Supreme Court has explained, HRAP Rule 4(a)(3) "provides that the court has 90 days to dispose of [the] post-judgment [tolling] motion . . . , regardless of

7

when the notice of appeal is filed." Buscher v. Boning, 114 Hawaiʻi 202, 221, 159 P.3d 814, 833 (2007). When "the court fail[s] to issue an order on [a post-judgment fees motion] ninety days after . . . [filing] the motion, the motion was deemed denied." Cnty. of Hawaiʻi v. C & J Coupe Family Ltd. P'ship, 119 Hawaiʻi 352, 367, 198 P.3d 615, 630 (2008). Pursuant to HRAP Rule 4(a)(3), IUPAT's Motion for Fees/Costs was automatically deemed denied at the end of the day on November 8, 2012, the ninetieth calendar day after August 10, 2012. Thus, the circuit court's November 19, 2012 written order was a nullity for purposes of awarding fees and costs. Pacific Lightnet, Inc. v. Time Warner Telecom, Inc., Nos. 28948, 29105, 2013 WL 310149 at *17-18 (App. Jan. 25, 2013) (mem.), vacated in part on other grounds, 131 Hawaiʻi 257, 319 P.3d 97 (2013).

## V.  IUPAT's Motion for Final Judgment

In denying IUPAT's December 20, 2012 Motion for Final Judgment seeking to include an award of attorneys' fees and costs, the circuit court concluded that because the November 19, 2012 written order was null and void, "a final judgment to include the specific amount of the attorneys' fees and costs granted by the November 19, 2012 Order, cannot be issued." We agree with the circuit court.

First, the July 30, 2012 Judgment was final despite leaving the attorneys' fees and costs unresolved.[5] It is well settled under Hawaiʻi law that a subsequent order or judgment awarding fees and costs does not change the fact that a previous judgment was final. See HRCP Rule 58 ("The entry of the judgment shall not be delayed for the taxing of costs."); HRCP Rule 54(d)(2)(B) (a motion for attorneys' fees "must be filed and

---

[5]  The July 30, 2012 Judgment provided in pertinent part:

> This judgment is entered as to all claims raised by the parties, and it resolves all claims by and against the parties in the above-entitled case, except as to an allowance of costs and attorneys' fees as set forth in paragraph 5 of the Order Granting Motion to Confirm and to Enforce Arbitration Decision and Award, Entry of Judgment, Costs and Attorney's Fees filed on April 23, 2012 entered on June 29, 2012. No other claims or parties remain.

served no later than 14 days after entry of an appealable order or judgment"); CRSC, Inc. v. Sage Diamond Co., 95 Hawai'i 301, 307, 22 P.3d 97, 103 (App. 2001) ("The entry of judgment and taxation of costs are separate legal acts.") (citation, internal quotation marks and brackets omitted).

Second, neither the filing of Endo's appeal nor the circuit court's October 22, 2012 minute order during the ninety day period rendered the deemed denied provision in HRAP Rule 4(a)(3) inapplicable. There is nothing in HRAP Rule 4(a)(3) that imposes such a limitation. In addition, the circuit court properly concluded that although a minute order had been issued, it was not an order entered upon the record and it therefore fails to satisfy HRAP Rule 4(a)(3). See HRAP Rule 4(a)(5) ("A judgment or order is entered when it is filed in the office of the clerk of the court."); State v. English, 68 Haw. 46, 52, 705 P.2d 12, 16 (1985) ("Though the substance of the court's decision is captured in the minutes of court proceedings kept by the clerk who attended the hearing, they do not substitute for the requisite written document; they are merely 'prepared for [the court's] own use.'").

In sum, because the November 19, 2012 order was a nullity for purposes of awarding fees and costs, the circuit court was correct in denying IUPAT's Motion for Final Judgment as there was nothing to enter judgment upon.

Notwithstanding the above, and although IUPAT's previously filed Motion for Fees/Costs is deemed denied by operation of HRAP Rule 4(a)(3), IUPAT is not without recourse in regard to its asserted right to attorneys' fees and costs. Rather, in light of prior Hawai'i case law, we conclude it is appropriate to remand the case so that IUPAT may re-assert its claims for attorneys' fees and costs without prejudice from the deemed denial of its prior motion. See C & J Coupe, 119 Hawai'i at 367-68, 198 P.3d at 630-31; Pacific Lightnet, 2013 WL 310149 at *18.

## VI. Conclusion

Based on the above, we affirm the Circuit Court of the First Circuit as to: (1) the June 29, 2012 Order Granting IUPAT's Motion to Confirm and to Enforce Arbitration Decision and Award; (2) the July 10, 2012 Order Denying Endo's Motion to Vacate Arbitration Decision and Award; (3) the July 30, 2012 Judgment; and (4) the February 25, 2013 Order Denying IUPAT's Motion for a Final Judgment.

We remand the case to the circuit court to address IUPAT's claims for attorneys' fees and costs.

DATED: Honolulu, Hawai'i, June 10, 2015.

On the briefs:

Cid H. Inouye
Kristi L. Arakaki
(O'Connor Playdon & Guben LLP)
for Employer-Appellant/Appellee

Herbert R. Takahashi
Rebecca L. Covert
Davina W. Lam
(Takahashi and Covert)
for Union-Appellee/Appellant

Presiding Judge

Associate Judge

Associate Judge